OLYMPIC STEEL, INC., APPELLANT, *v.* CUYAHOGA COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of
Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091.]

(No. 2005–1639—Submitted June 6, 2006—Decided August 16, 2006.)

{¶ 1} This cause is before the court on an appeal from the Board of Tax Appeals ("BTA").

{¶ 2} In any appeal from a decision of a county board of revision, R.C. 5717.03(B) requires the BTA to send a copy of its decision by certified mail to the Tax Commissioner, and R.C. 5717.04 requires that an appellant who wishes to challenge the BTA's decision must serve the Tax Commissioner, who by statute must be made an appellee, with a copy of the notice of appeal by certified mail. In construing the substantially similar language of R.C. 5717.05, we held that the requirement of joinder and service is "mandatory and jurisdictional." *Huber Hts. Circuit Courts, Ltd. v. Carne* (1996), 74 Ohio St.3d 306, 308, 658 N.E.2d 744, 745. Likewise, appellant's failure in this case to comply with its statutory obligation to serve the notice of appeal on the Tax Commissioner in the prescribed manner deprives this court of jurisdiction to consider the appeal. See *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, paragraph one of the syllabus ("Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred").

{¶ 3} Accordingly, the appeal is dismissed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting.

{¶ 4} For the reasons expressed in its opinion, I would affirm the decision of the Board of Tax Appeals.

{¶ 5} I would also address the issue of service. S.Ct.Prac.R. II(3)(A)(1) requires conformance with R.C. 5717.04, which requires parties that appeal a decision of the Board of Tax Appeals to this court to serve a notice of appeal on the Tax Commissioner. I believe dual filing requirements such as this should not be part of our rules. They serve no purpose except to deny parties a chance to be heard on the merits. I dissent.

---

Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Susan K. French–Scaggs, for appellant.

Kadish, Hinkel & Weibel, Kevin M. Hinkel, and Jeffrey Platko, for appellee, Board of Education of the Orange City School District.