[Cite as *US 23 Self Storage, L.L.C. v. Olentangy Local School Bd. of Edn.*, 2011-Ohio-442.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| US 23 SELF STORAGE, LLC | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10 CAH 050039 |
| OLENTANGY LOCAL SCHOOL | : | |
| BOARD OF EDUCATION, et al. | : | |
| | : | |
| | : | |
| | : | |
| Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Ohio Board of Tax Appeals
                                 Case No. 2006-M-1363

JUDGMENT:                        DISMISSED

DATE OF JUDGMENT ENTRY:          January 26, 2011

APPEARANCES:

For Appellant:                   For Appellees:

JUAN JOSE PEREZ                  MARK H. GILLIS
ANGELA ALEXANDER SAVINO          6400 Riverside Dr., Suite D
8000 Ravines Edge Ct., Suite 300 Dublin, OH 43017
Columbus, OH 43235

WILLIAM J. OWEN
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
140 N. Sandusky St., 3rd Floor
Delaware, OH 43015

*Delaney, J.*

{¶1}    Appellant, US 23 Self Storage, LLC, appeals the April 20, 2010 decision of the Ohio Board of Tax Appeals.  Appellees are the Olentangy Local School Board of Education ("Olentangy") and the Tax Commissioner.

## STATEMENT OF THE CASE[1]

{¶2}    Olentangy appealed a decision of the Delaware County Board of Revisions to the Ohio Board of Tax Appeals as to the combined value of certain permanent parcels owned by Appellant, US 23 Self Storage, LLC.  By Decision and Order issued on April 20, 2010, the Ohio Board of Tax Appeals declined to adopt the valuation of the Board of Revisions and reinstated the auditor's original value for the parcels.

{¶3}    Pursuant to R.C. 5717.04, Appellant filed its Notice of Appeal of the Ohio Board of Tax Appeals Decision and Order with the Fifth District Court of Appeals on May 20, 2010.  The Certificate of Service of the Notice of Appeal showed that the Notice of Appeal was served upon Appellee, Olentangy Local Schools Board of Education and the Delaware County Prosecutor by electronic mail and ordinary mail on May 20, 2010.  The Tax Commissioner was not named as an Appellee by Appellant in the Notice of Appeal, nor did the Notice of Appeal order service of the Notice of Appeal upon the Tax Commissioner.

---

[1] A statement of the facts is not necessary for the disposition of this appeal.

{¶4} On June 15, 2010, Olentangy filed a Motion to Dismiss Appellant's appeal. Olentangy argued that Appellant had failed to comply with the jurisdictional requirements of R.C. 5717.04 in that Appellant had not named the Tax Commissioner as an Appellee and Appellant had not served the Tax Commissioner with the Notice of Appeal. Appellant filed multiple responses to the motion. In its July 21, 2010 response, Appellant supplemented its response with Exhibit A. Exhibit A was a letter from Appellant to the Tax Commissioner dated July 2, 2010. The letter, showing it was sent by certified and ordinary mail, stated that enclosed was a copy of Appellant's Notice of Appeal of the April 20, 2010 Decision and Order of the Ohio Board of Tax Appeals. Exhibit A also showed that service was complete on the Tax Commissioner on or about July 6, 2010.

{¶5} On August 2, 2010, this Court denied Olentangy's Motion to Dismiss pursuant to the law presented in Olentangy's Motion to Dismiss.

{¶6} On October 27, 2010, Olentangy renewed its Motion to Dismiss. In its renewed motion, Olentangy raised the same argument that Appellant did not comply with the jurisdictional requirements of R.C. 5717.04, but newly cited *Berea City Sch. Bd. of Educ. v. Cuyahoga County Bd. of Revision* (2006), 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145 in support of its arguments. Appellant filed a response to the motion and Olentangy filed a reply.

{¶7} Now before this Court is Appellant's appeal of the April 20, 2010 Decision and Order of the Ohio Board of Tax Appeals and Olentangy's renewed Motion to Dismiss. Because Olentangy's renewed Motion to Dismiss raises the issue of whether

this Court has jurisdiction to consider Appellant's appeal, we must first address the motion.

{¶8}   Appellant's appeal of the Decision and Order of the Ohio Board of Tax Appeals is brought pursuant to R.C. 5717.04.  R.C. 5717.04 states in pertinent part:

{¶9}   "* * *

{¶10} "Appeals from decisions of the board upon all other appeals or applications filed with and determined by the board may be instituted by any of the persons who were parties to such appeal or application before the board, by any persons to whom the decision of the board appealed from was by law required to be sent, or by any other person to whom the board sent the decision appealed from, as authorized by section 5717.03 of the Revised Code.

{¶11} "Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board.  If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed or within the time otherwise prescribed in this section, whichever is later.  A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.  Proof of the filing of such notice with the board shall be filed with the court to which the appeal is being taken.  The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.

{¶12} "In all such appeals the tax commissioner or all persons to whom the decision of the board appealed from is required by such section to be sent, other than

the appellant, shall be made appellees.  Unless waived, notice of the appeal shall be served upon all appellees by certified mail.  The prosecuting attorney shall represent the county auditor in any such appeal in which the auditor is a party.  * * *"

{¶13}  In *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, the Ohio Supreme Court addressed the issue of whether the failure to serve the Tax Commissioner with the Notice of Appeal from a Board of Tax Appeals decision deprives the reviewing court of jurisdiction.  The Ohio Supreme Court found that under R.C. 5717.03(B) and 5717.04, the Tax Commissioner is a party to the appeal and the requirement of joinder and service is mandatory and jurisdictional.  Accordingly, the Court held that if the Tax Commissioner was not served with the Notice of Appeal pursuant to statute, the reviewing court did not have jurisdiction to hear the appeal.

{¶14}  In this case, Appellant served the Tax Commissioner with the Notice of Appeal; however, Appellant did not initiate service upon the Tax Commissioner until July 2, 2010, more than thirty days after the Decision and Order was issued.  We find the case of *Berea City Sch. Dist. Bd. of Educ.*, supra, to be directly on point with this factual scenario.  In that case, the Ohio Supreme Court held:

{¶15}  "In *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, the BTA had issued a decision in an appeal from a county board of revision, and we dismissed the appeal therefrom because the appellant had failed to serve the Tax Commissioner who, by operation of R.C. 5717.03(B) and 5717.04, is a party to such appeals. We now hold that the certified-mail service required by R.C. 5717.04 must be initiated within the thirty-day period

prescribed by R.C. 5717.04 for the filing of an appeal. For purposes of complying with this requirement, service is 'initiated' when the notice of appeal is placed in the mail. In this case, appellant initiated certified mailing of the notice of appeal to the Tax Commissioner after the expiration of the thirty-day period, and that act failed to comply with the jurisdictional requirement of service under R.C. 5717.04." Id. at ¶2.

{¶16} The Ohio Supreme Court then dismissed the appeal for lack of jurisdiction. Id. at ¶3.

{¶17} As in *Berea City Sch. Dist. Bd. of Educ.,* supra, Appellant did not initiate certified mail service of the Notice of Appeal upon the Tax Commissioner until July 2, 2010. July 2, 2010 is seventy-two days after the Decision and Order was issued by the Ohio Board of Tax Appeals, well after the expiration of the thirty-day period required for the initiation of an appeal pursuant to R.C. 5717.04.

{¶18} Upon the authority of *Berea City Sch. Dist. Bd. of Educ.,* supra, we find that because Appellant did not initiate service upon the Tax Commissioner within the thirty-day period under R.C. 5717.04, Appellant has failed to meet the jurisdictional requirements of R.C. 5717.04.

{¶19} We lack jurisdiction to consider Appellant's appeal and therefore, Appellant's appeal is dismissed.

By: Delaney, J.

Edwards, P.J. and

Gwin, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN

[Cite as *US 23 Self Storage, L.L.C. v. Olentangy Local School Bd. of Edn.*, 2011-Ohio-442.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| US 23 SELF STORAGE, LLC | : | |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OLENTANGY LOCAL SCHOOL BOARD OF EDUCATION, et al. | : | |
| | : | |
| | : | Case No. 10 CAH 050039 |
| Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the appeal of the judgment of the Ohio Board of Tax Appeals is DISMISSED. Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. JULIE A. EDWARDS

HON. W. SCOTT GWIN