Per Curiam.
{¶ 1} This real-property-valuation case comes before us on a motion to dismiss and on the briefing of the merits by the parties. The motion to dismiss presents a threshold jurisdictional issue: whether the property owner, who appealed from *189 the Board of Tax Appeals (“BTA”) to this court, fully perfected the appeal in light of its having failed to initiate service of the notice of appeal on the tax commissioner, a necessary party, within the 30-day appeal period.
{¶ 2} The jurisdictional facts are clear and undisputed. Mike Ferris Properties, Inc., (“Ferris”) filed the notice of appeal in this case on September 30, 2013. The certificate of service on the notice of appeal indicates certified-mail service on the property owner and the county appellees but not on the tax commissioner. The appeal was referred to mediation on October 3, 2013, but returned to the regular docket on November 4, 2013. The order returning the case to the regular docket specified that the appellant’s brief was due 40 days from the date of the order. Apparently during mediation the school board made its intention to seek dismissal apparent, and Ferris responded by serving the tax commissioner. On November 12, 2013, the school board filed its motion to dismiss. Ferris filed a response on November 15, 2013. Both the motion and the response agree that Ferris did serve the tax commissioner with the notice of appeal on October 24, 2013, before the case had been returned to the regular docket. Thus, the tax commissioner was served well in advance of the briefing of this case.
{¶ 3} The case law is equally clear. We have held that the requirement of service on appellees pursuant to paragraph six of former R.C. 5717.04, 2009 Sub.H.B. No. 1, is a jurisdictional prerequisite to pursuing the appeal, with the tax commissioner being one of the persons statutorily required to be served. See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 13-17. We have also held that the service required by that paragraph must be initiated within the 30-day appeal period. Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2. Because the appellant in Berea City School Dist. had initiated the service after expiration of the appeal period, the appeal was dismissed for lack of jurisdiction.
{¶ 4} The facts of the present case call for dismissal under Berea City School Dist., unless we revisit and overrule the holding of that case. It is true that R.C. 5717.04 by its own terms does not require service to be initiated or completed within any prescribed time frame, and in our recent cases we have declined to recognize a requirement as jurisdictional when the statute does not expressly impose it. See Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 23. But to overrule Berea City School Dist. would require us to find that the test set forth in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, had been satisfied:
*190 A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.
{¶ 5} Since Berea City School Dist. was decided, we have applied it, and there is no indication that its holding is unworkable. Accordingly, we adhere to the holding in Berea City School Dist. and dismiss this appeal for lack of jurisdiction. Because we lack jurisdiction, we do not reach the merits of the appeal.
Appeal dismissed.
O’Donnell, Lanzinger, Kennedy, French, and O’Neill, JJ., concur.
O’Connor, C.J., and Pfeifer, J., dissent.