[Cite as *Rambacher v. Testa*, 2016-Ohio-2897.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Frances L. Rambacher, (et al.), | : | |
| | : | |
| Appellant(s), | : | Case No. 16CA7 |
| | : | |
| v. | : | |
| | : | |
| Joseph W. Testa, Tax Commissioner of Ohio, (et al.), | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| Appellee(s). | : | |
| | : | **RELEASED:  5/5/2016** |

_____

APPEARANCES:

Frances L. Rambacher, Ironton, Ohio pro se Appellant.

Michael DeWine, Attorney General of Ohio, Melissa W. Baldwin, Assistant Attorney General, Columbus, Ohio, for Appellee Joseph W. Testa, Tax Commissioner of Ohio.

_____

HARSHA, A.J.

{¶1}    Appellant Frances L. Rambacher filed an appeal in this Court from a decision and order of the Ohio Board of Tax Appeals pursuant to R.C. 5717.04, which gives concurrent appellate jurisdiction to the Supreme Court of Ohio and the Court of Appeals for Lawrence County.  Appellee Joseph W. Testa, Tax Commissioner of Ohio filed a motion to dismiss the appeal on the grounds that Rambacher's failure to comply with several of the filing and service requirements of R.C. 5717.04 deprives this Court of jurisdiction to hear the appeal. Rambacher filed a motion for summary judgment and reply to Appellee's motion to dismiss.  Although Rambacher's response primarily

addresses the merits of her underlying appeal, she responds, in part, to the Tax

Commissioner's argument that she failed to comply with certain notice and service

requirements of R.C. 5717.04. Rambacher also filed a supplement to her response in

which she acknowledges she failed to serve the tax commissioner by certified mail and

seeks a waiver of this service requirement. The Tax Commissioner filed a response to

Rambacher's supplemental filing.

{¶2}    We find that Rambacher did not comply with the certified-mail service

requirement of R.C. 5717.04 and dismiss the appeal for lack jurisdiction. We grant

Appellee's motion to dismiss and **DISMISS** this appeal.  All other pending motions are

**DENIED** as **MOOT**.

I.

{¶3}    The Tax Commissioner issued a tax assessment in April, 2015 for

$222.05 against Rambacher. Several months later the Tax Commissioner issued a final

determination, which vacated the assessment and cancelled it in full. Rambacher filed a

notice of appeal to the Ohio Board of Tax Appeals. The Tax Commissioner filed a

motion to dismiss the appeal on the ground that the assessment had been cancelled

and the case presented no justiciable controversy.  The BTA agreed, granted the

motion, and dismissed Rambacher's appeal. *Rambacher v. Testa,* BTA No. 2015-789

(Mar. 3, 2016).

{¶4}    Rambacher filed a timely notice of appeal from the BTA's decision and

order with this Court.  The Tax Commissioner filed a motion to dismiss on several

grounds under R.C. 5717.04. The Tax Commissioner argues that Rambacher failed to

give this Court proper "proof of filing" of her notice of appeal with the BTA and that this failure is a jurisdictional flaw that precludes our review of the appeal. The Tax Commissioner also argues that Rambacher failed to serve the notice of the appeal on the Tax Commissioner by certified mail, which also is a jurisdictional requirement that requires dismissal. Finally, the Tax Commissioner argues that Rambacher's claimed errors have no merit.

II.

{¶5}    The relevant provisions of R.C. 5717.04 state:

The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides.   *     *     *

Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, *by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board*. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed or within the time otherwise prescribed in this section, whichever is later. A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. *Proof of the filing of such notice with the board shall be filed with the court to which the appeal is being taken*. The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.

In all such appeals the commissioner or all persons to whom the decision of the board appealed from is required by such section to be sent, other than the appellant, shall be made appellees. *Unless waived, notice of the appeal shall be served upon all appellees by certified mail.* (Emphasis added.)

R.C. 5717.04.

{¶6}    Rambacher timely filed her notice of appeal in this Court on March 23,

2016.  According to the certificate of service attached to her notice of appeal, Rambacher also served a copy of the notice of appeal on the BTA on March 23, 2016. Without citing supporting case law or statutes, the Tax Commissioner argues that Rambacher's "certificate of service" giving notice that the appeal was filed with the BTA is not the same as the statutorily required "proof of filing." In response, Rambacher states that the clerk for the BTA acknowledged her timely filing of the notice of appeal and Rambacher attaches a copy of the notice of appeal she filed with the BTA, which is file-stamped as received by the BTA on March 25, 2016, within the 30-day time requirement.

{¶7}   The Supreme Court of Ohio addressed this issue in *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954.  In *Satullo*, the Tax Commissioner argued that appellants' "proof of filing" attached to the notice of appeal – which was also referred as the "certificate of service" by the Court – was defective because it did not show that the notice of appeal filed in the court was also filed with the BTA. The Court characterized appellants' failure as a "procedural wrinkle" and held that while the appellants should have indicated in their notice of appeal that they had also timely filed it with the BTA, they later did provide proof of the timely filing and thus, the Court was satisfied that the notice of appeal was timely filed with the BTA.  *Id.* at ¶ 18-20.

{¶8}   Here, the facts are distinguishable from *Satullo* in Rambacher's favor: Rambacher did, in fact, include in her certificate a service a statement that she mailed the notice of appeal to the BTA for filing. And, like the appellants in *Satullo,* she has subsequently provided proof that the notice of appeal was timely filed in the BTA.

Rambacher's attachment to her reply to the motion to dismiss shows that the BTA timely received and file-stamped the notice of appeal on March 25, 2016. After the case was assigned a case number, she refiled the notice of appeal with case number in the BTA on March 28, 2016. Like the proof appellants eventually provided the Court in *Satullo*, Rambacher's subsequent filing provides us with adequate proof that she timely filed her notice of appeal in the BTA.

{¶9}    However, the Tax Commissioner's second argument has merit.  An appellant must serve the notice of appeal on the Tax Commissioner *by certified mail* unless waived. R.C. 5717.04. Neither party claims that the Tax Commissioner waived certified-mail service and this is no evidence of any written waiver in the record. Rambacher's certificate of service shows service was made *by ordinary mail*. In her supplemental response, Rambacher acknowledges her failure to serve the Tax Commissioner by certified mail, but asks us to waive this requirement because "the Court Clerk did not know or convey the rules" to her and because the U.S. Mail service was timely made. The Supreme Court of Ohio has repeatedly held that the failure to serve the Tax Commissioner by certified mail within the 30-day period is a jurisdictional defect. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2 ("certified-mail service required by R.C. 5717.04 must be initiated within the thirty-day period prescribed by R.C. 5717.04 for the filing of an appeal"); *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, ¶ 2 ("appellant's failure in this case to comply with its statutory obligation to serve the notice of appeal on the Tax

Commissioner in the prescribed manner deprives this court of jurisdiction to consider the appeal").

**{¶10}** Again we find guidance in *Satullo, supra.* In *Satullo,* the appellants did, in fact, serve the Tax Commissioner by both ordinary and certified mail but they identified only ordinary mail service in their certificate of service. The Court held, "The fact that the original certificate of service filed with this court listed 'ordinary U.S. mail' as the method of service on the Tax Commissioner, when in fact the notice of appeal had been sent by both ordinary and certified mail within the 30-day appeal period, is not a jurisdictional defect under the statute." *Id.* at ¶ 20.  Here, unlike the appellants in *Satullo*, Rambacher does not assert that she properly served the Tax Commissioner by certified mail, nor does she attach any evidence in her reply that would show that she made certified mail service on the Tax Commissioner.  As a result, we find that Rambacher has failed to serve the Tax Commissioner with the notice of appeal by certified mail. Her non-compliance with R.C. 5717.04 in this respect is a jurisdictional flaw that we cannot waive as the decision to waive service by certified mail rests with the Tax Commissioner, not this court.

**{¶11}** Because we dismiss the appeal for lack of jurisdiction, we need not address the Tax Commissioner's argument that Rambacher's appeal lacks merit. App.R. 12(A)(1)(c).

III.

**{¶12}** We find that Rambacher timely filed a notice of appeal in both this Court and the Board of Tax Appeals. However, she failed to comply with the provision in R.C.

5717.04 that requires her to serve the notice of appeal on the Tax Commissioner by certified mail.  As a result, we have no jurisdiction to hear this matter. We **GRANT** the Tax Commissioner's motion and **DISMISS** this appeal. All other pending motions are hereby **DENIED** as **MOOT**.  **IT IS SO ORDERED.** The clerk shall serve a copy of this entry on all counsel of record and all unrepresented parties at their last known addresses by ordinary mail.

Abele, J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge