**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Upper Arlington v. McClain,* **Slip Opinion No. 2019-Ohio-1726.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1726

THE CITY OF UPPER ARLINGTON ET AL., APPELLEES, *v.* MCCLAIN,[1] TAX COMMR., APPELLEE; TREE OF LIFE CHRISTIAN MINISTRIES, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Upper Arlington v. McClain,* Slip Opinion No. 2019-Ohio-1726.]**

*Taxation—Motion to dismiss—R.C. 5717.04 does not set forth a timeline for the certified-mail service of a notice of appeal—Motion to dismiss denied.*

(No. 2018-1830—Submitted February 19, 2019—Decided May 9, 2019.)

APPEAL from the Board of Tax Appeals, Nos. 2017-281, 2017-342, 2017-343, 2017-345, 2017-350, and 2017-356.

_____

_____

[1] Under S.Ct.Prac.R. 4.06(B), Jeff McClain, the current Ohio Tax Commissioner, is automatically substituted for Joseph Testa, the former commissioner, as a party to this action.

**Per Curiam.**

{¶ 1} Appellant, Tree of Life Christian Ministries, L.L.C. ("Tree of Life"), filed this appeal of right from the decision of the Board of Tax Appeals ("BTA") that denied its claim for property-tax exemption for several parcels of land owned by Tree of Life. Appellees city of Upper Arlington and the Upper Arlington City School District Board of Education (collectively, "Upper Arlington") have moved to dismiss for lack of jurisdiction on the grounds that Tree of Life failed to timely perfect its appeal by initiating service of the notice of appeal within the required period. For the reasons explained below, the court denies the motion to dismiss.

{¶ 2} As support for its motion to dismiss, Upper Arlington points to the requirement in R.C. 5717.04 that the "notice of the appeal shall be served upon all appellees by certified mail" and to case law from this court that addresses the failure of that service. In *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, ¶ 2, we held that a failure to join the tax commissioner and serve the notice of appeal on that official, as required by R.C. 5717.04, requires dismissal of the appeal because the service requirement is jurisdictional. Not long after we issued the decision in *Olympic Steel*, we held in *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2, that "the certified-mail service required by R.C. 5717.04 must be initiated within the thirty-day period prescribed by R.C. 5717.04 for the filing of an appeal." Because Tree of Life did not initiate service by certified mail within the 30-day period for filing its notice of appeal, Upper Arlington argues that the court must dismiss the appeal for lack of jurisdiction.

{¶ 3} We reject Upper Arlington's argument. *Olympic Steel* and *Berea* were both real-property-valuation cases, and in that type of case, the tax commissioner is not a party before the boards of revision but, by statute, must be sent a copy of the BTA's decision and be joined as an appellee and served with a

copy of the notice of appeal from the BTA to the court. *See* R.C. 5717.03 and 5717.04. In both *Olympic Steel* and *Berea*, the tax commissioner had not previously been a party to the case and the appellant had failed to initiate service of the appeal on the tax commissioner within the time required for filing the notice of appeal. The present appeal, however, is in a tax-exemption case, and the tax commissioner was already a party in the proceedings below.

{¶ 4} This court has never applied *Berea* in a tax-exemption case. We have applied the *Berea* rule only in real-property-valuation cases in which an appellant has failed to join and serve the tax commissioner. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 143 Ohio St.3d 188, 2015-Ohio-150, 36 N.E.3d 115; *Mentor Exempted Village School Dist. Bd. of Edn. v. Lake Cty. Bd. of Revision*, 111 Ohio St.3d 1218, 2006-Ohio-5613, 857 N.E.2d 145.

{¶ 5} Moreover, the General Assembly recently amended R.C. 5717.04 to include the following sentence: "If the commissioner is not a party to the appeal or application before the board, the supreme court or court of appeals, as applicable, shall not dismiss an appeal of the board's decision because of the failure to make the commissioner an appellee or to serve the notice of appeal to the commissioner as otherwise required under this section." 2016 Am.Sub.H.B. No. 384 (effective Apr. 5, 2017). This sentence speaks directly to the situation addressed by the *Berea* rule and renders it no longer good law.

{¶ 6} For these reasons, Upper Arlington's reliance on *Berea* is misplaced. Other than *Berea*, Upper Arlington has presented no basis for dismissal. Looking solely at the statute, R.C. 5717.04 does not state a timeline for the certified-mail service of the notice of appeal on the appellees. And it is not disputed that the notice of appeal was served on Upper Arlington by certified mail. Accordingly, we deny the motion to dismiss.

Motion denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Stebelton Snider, L.P.A., and Charles M. Elsea, for appellant.

Jeanine Hummer, Upper Arlington Law Director, and Jesse Armstrong, Assistant Law Director, for appellee city of Upper Arlington.

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Karol C. Fox, Kelley A. Gorry, and Richelle L. Thoburn, for appellee Upper Arlington City School District Board of Education.

_____