[Cite as *Gammarino v. Hamilton Cty. Aud.*, 2026-Ohio-1792.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AL GAMMARINO, TRUSTEE, | : | APPEAL NO.    C-250195 |
| | | BTA CASE NOS. 2024-1478 |
| Appellant-Appellant, | : | 2024-1479 |
| | | 2024-1480 |
| vs. | : | 2024-1481 |
| | | 2024-1482 |
| HAMILTON COUNTY AUDITOR, | : | 2024-1483 |
| | | 2024-1484 |
| and | : | 2024-1485 |
| HAMILTON COUNTY BOARD OF REVISION, | : | |
| | | *JUDGMENT ENTRY* |
| Appellees-Appellees, | : | |
| and | : | |
| OHIO TAX COMMISSIONER, | : | |
| Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the decision of the Board of Tax Appeals is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/15/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *Gammarino v. Hamilton Cty. Aud.*, 2026-Ohio-1792.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AL GAMMARINO, TRUSTEE, | : | APPEAL NO.     C-250195 |
| | | BTA CASE NOS. 2024-1478 |
| Appellant-Appellant, | : | 2024-1479 |
| | | 2024-1480 |
| vs. | : | 2024-1481 |
| | | 2024-1482 |
| HAMILTON COUNTY AUDITOR, | : | 2024-1483 |
| | | 2024-1484 |
| and | : | 2024-1485 |
| HAMILTON COUNTY BOARD OF REVISION, | : | |
| | | *O P I N I O N* |
| Appellees-Appellees, | : | |
| and | : | |
| OHIO TAX COMMISSIONER,[1] | : | |
| Appellee. | : | |

Appeal From: Ohio Board of Tax Appeals

Decision Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 15, 2026

*Robert G. Kelley*, for Appellant-Appellant Al Gammarino, Trustee,

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Eric A. Munas,* Assistant Prosecuting Attorney, for Appellee-Appellee Hamilton County Auditor.

---

[1] The auditor argues that Gammarino improperly listed the Ohio tax commissioner as an appellee in this appeal.  However, the tax commission is a proper appellee under R.C. 5717.03 and 5717.04. *See generally City of Upper Arlington v. McClain*, 2019-Ohio-1726, ¶ 3, citing R.C. 5717.03 and 5713.04 ("[I]n [real-property-valuation cases], the tax commissioner is not a party before the boards of revision but, by statute, must be sent a copy of the BTA's decision and be joined as an appellee and served with a copy of the notice of appeal from the BTA to the court.").

**ZAYAS, Presiding Judge.**

{¶1} This appeal concerns a decision of the Ohio Board of Tax Appeals ("BTA") regarding the valuation of eight properties located in Hamilton County, Ohio. Appellant-appellant, Al Gammarino, Trustee ("Gammarino"), appeals from the BTA's decision and raises two assignments of error for this court's review.

{¶2} In the first assignment of error, Gammarino argues that the BTA committed legal error where it failed to find that appellee-appellee Hamilton County Board of Revision ("BOR") lacked jurisdiction to enter its decisions due to improper notice of its hearings under R.C. 5715.19(C). In the second assignment of error, Gammarino argues that the appraisal evidence submitted by appellee-appellee Hamilton County Auditor ("the auditor") at the BOR hearings was unreliable where its appraiser was never qualified and never verified that a "real estate appraisal" or "appraisal" was conducted in conformity with R.C. 4763.01(A), (C), and (I).

{¶3} For the reasons that follow, we sustain the first assignment of error, decline to address the second assignment of error as moot, reverse the decision of the BTA, and remand the cause to the BTA to vacate the BOR's decisions and remand the cause to the BOR for new hearings with proper notices issued to the owner under R.C. 5715.19(C).

## I. Background

{¶4} On March 29, 2024, Gammarino filed eight separate complaints against the valuation of property for the 2023 tax year.[2] On August 2, 2024, the BOR sent notice in each case—via certified and regular mail—of a hearing set for August 15, 2024. According to the notices, each case was set for a different time, back-to-back,

---

[2] The record suggests that Gammarino may have also filed a ninth complaint; however, that complaint is not at issue in this appeal.

that day (each case was set 15-30 minutes apart between 8:45–11:00 a.m.).

**{¶5}** On August 14, 2024, Gammarino filed a motion for a continuance in each case, asserting that he was not provided with sufficient notice of the hearing under R.C. 5715.19(C) and that scheduling all the cases on the same day was unreasonable and unwarranted.

**{¶6}** On August 15, 2024, the matters came before the BOR, and the BOR first addressed the requests for continuances. Gammarino argued that, at most, he received nine-days' notice of the hearings, rather than the required ten-days' notice, where the certified mail was available for pick up on August 6, 2024, and regular mail, at the earliest, would be considered delivered on August 5, 2024, under Civ.R. 6(D), both of which result in less than ten-days' notice of the hearing. In response, the BOR differentiated between the "jurisdictional issue" under R.C. 5715.19(C) and the request for a continuance and then asked, "As far as the motion for a continuance, why do you need it? . . . Leave the legal issue aside. Why do you need it?" Gammarino responded, "The statute allows that, number one. Number two, for reasons I'd rather not go into, some things that came up that -- the appraisals are not in, the appraisal reports." The BOR then asked him if he felt that the "extra" one or two days would have allowed those appraisals to be presented to the board, and Gammarino responded, "Well, not only that, but some other things that happened, like I said, in the meantime, that I'd rather not go into right at this point." The BOR replied, "And that's up to your discretion, but understand that on a motion for a continuance, the standard of review is good cause."

**{¶7}** Ultimately, as to the asserted jurisdictional question, the BOR rejected Gammarino's argument after finding that the day of the hearings counted when calculating the ten-day-notice period and the applicable period for calculation was

4

therefore August 3, 2024, (the day after the date of the mailing of the notices) to August 15, 2024, (the date of the hearing), resulting in more than ten-days' notice. As for the motions for continuances, the BOR rejected Gammarino's requests after finding that Gammarino lacked good cause for continuances where he was "just not prepared."

{¶8} The BOR then proceeded to the merits of each case. Gammarino testified on his own behalf, and Steve Creech, a certified appraiser who works for the auditor, testified on behalf of the auditor. Ultimately, the BOR issued decisions reducing the value of two of the properties but upholding the value for the remaining properties.

{¶9} Gammarino appealed the BOR's decisions to the BTA, and the matters (now consolidated) were initially set for a hearing before the BTA. However, upon Gammarino's failure to file the required witness and/or exhibit list to indicate his intent to present new evidence, the matter was converted to the submission of written arguments in support of the appeal based on the preexisting record. *See* R.C. 5717.01; Adm.Code 5717-1-17(C). Only the auditor filed a written brief. Thereafter, the BTA issued a decision ultimately ordering a value for all eight properties that was consistent with the auditor's valuation. In other words, the two value reductions issued by the BOR were eliminated. Gammarino filed a motion for reconsideration with the BTA, but the motion was denied on the basis that a motion for reconsideration is not a mechanism to raise new arguments.

{¶10} Gammarino now appeals from the decision of the BTA, raising two assignments of error for this court's review. In the first assignment of error, Gammarino challenges the BOR's decision on proper notice of the hearings under R.C. 5715.19(C). In the second assignment of error, he challenges the BOR's reliance on

Creech, the auditor's certified appraiser, in support of its valuations.

## II. *Standard of Review*

**{¶11}** This court "'must affirm a BTA decision that is reasonable and lawful.'" *Snider Crossing LLC v. Warren Cty. Bd. of Revision*, 2025-Ohio-3189, ¶ 26 (12th Dist.), quoting *Rover Pipeline, L.L.C. v. Harris*, 2025-Ohio-2806, ¶ 27. Legal issues are reviewed de novo. *Id.*, citing *Rover* at ¶ 27. "'[B]ut issues relating to the credibility of witnesses and the weighing of the evidence are subject to abuse-of-discretion review.'" *Id.*, quoting *Rover* at ¶ 27.

## III. *Analysis*

### A. *First Assignment of Error*

**{¶12}** In the first assignment of error, Gammarino argues that the BTA committed legal error by not vacating the BOR's decisions based on untimely service under R.C. 5715.19(C).

**{¶13}** "'The BOR is a creature of statute,' possessing only the jurisdiction the General Assembly has conferred." *Snider Crossing* at ¶ 27, quoting *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision*, 2014-Ohio-4353, ¶ 23. "'A county board of revision's jurisdiction to hear and rule on complaints is defined by statute.'" *Id.*, citing *Groveport Madison Local School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-4627, ¶ 9. A court's task in determining what that statutory definition requires of the BOR is a question of statutory interpretation. *Id.*, citing *Marysville Exempted Village School Bd. of Edn. v. Union Cty. Bd. of Revision*, 2024-Ohio-3323, ¶ 13. "As with any question of statutory interpretation, [this court]'s primary objective is to ascertain and give effect to the legislature's intent." *Id.*, quoting *Marysville* at ¶ 13.

**{¶14}** R.C. 5715.19(C) states, in relevant part, "Each board of revision shall notify any complainant . . . not less than ten days prior to the hearing, either by

certified mail or, if the board has record of an internet identifier of record associated with the owner, by ordinary mail and by that internet identifier of record of the time and place the same will be heard."[3]

**{¶15}** In tax cases, the Ohio Supreme Court has "adopted the standard that 'service by registered mail or certified mail "is effective when the notice is delivered and properly receipted for by an appropriate person" at the addressee's address.'" *Gaston v. Medina Cty. Bd. of Revision*, 2012-Ohio-3872, ¶ 13, citing *Skuratowicz v. Tracy*, 76 Ohio St.3d 103, 104 (1996).

**{¶16}** The record reveals that notices of the hearings were sent by the BOR in all cases on August 2, 2024, via certified and regular mail to the address listed in the complaints. In all but one of the cases, the record contains a certified mail receipt indicating delivery on August 21, 2024. For the remaining case (10128 Wayne Ave), the record does not appear to contain a return receipt.

**{¶17}** The hearings occurred on August 15, 2024. Thus, the record reveals the certified mail notices were not delivered until after the hearing. Curiously, Gammarino asserted in his motion to reconsider before the BTA that he received the notices on or about August 8, 2024. He appears to also assert in his brief before this court that he received notice on August 8. However, the record does not appear to contain any receipt of certified mail indicating such. In Gammarino's motions for continuances filed with the BOR, he attached copies of the front of nine envelopes. These appear to show receipt of the notices via first class mail, rather than certified mail. He also attached a copy of a "sorry we missed you" notice for nine letters that

---

[3] An "internet identifier of record" is defined as "an electronic mail address, or any other designation used for self-identification or routing in internet communication or posting, provided for the purpose of receiving communication." *See* R.C. 5719.19(A) and 9.312.

indicates service was attempted on August 5.

**{¶18}** Based on this evidence, it appears that Gammarino received notice of the hearings via regular mail prior to the hearings but did not receive notice via certified mail until after the hearings. Notably, if the BOR sends notice via ordinary mail, it must also send notice via an internet identifier of record, and there is no such indication of this type of service in the record. Thus, the record does not reveal that proper notice of the hearings was provided under R.C. 5715.19(C).

**{¶19}** Gammarino argues that because service of notice was improper under R.C. 5715.19(C), the decisions of the BOR were a nullity. In support of this argument, Gammarino points to *Knickerbocker Properties, Inc. XLII v. Deleware Cty. Bd. of Revision*, 2008-Ohio-3192 ("*Knickerbocker*").

**{¶20}** In *Knickerbocker*, the property owner complained that it did not receive notice of the hearing before the BOR. *Id.* at ¶ 1. The owner had just purchased the property in December 2003, and the board of education ("the BOE") filed a complaint seeking an increase in the valuation of the property for the 2003 tax year based on the price that the property sold to the owner. *Id.* at ¶ 1-3. The BOE listed the wrong address for the owner in the complaint, and the BOR sent notice of the hearing to the incorrect address listed in the complaint. *Id.* at ¶ 3-4. Nevertheless, the owner received the notice of the hearing and then sent a letter to the BOR requesting a continuance. *Id.* at ¶ 4. The BOR rescheduled the hearing but again sent the notice to the wrong address. *Id.* at ¶ 5. The board held the hearing on the new date, and no representative of the owner appeared. *Id.* The BOE appeared and submitted evidence of the sale price. *Id.* The BOR issued its decision adopting the sale price as the value that same day. *Id.* The BOR again used the wrong address when it issued notice of its decision to the owner. *Id.* Finally, over eight months later, the BOR sent the same

notice to the owner's proper address. *Id.* at ¶ 6. The owner then appealed to the BTA and argued that the BOR never obtained jurisdiction. *Id.* at ¶ 5, 8-9. The BTA rejected the jurisdictional argument, finding that the BOE's complaint complied with the "core jurisdictional requirement" and the availability of a de novo hearing before it cured any due-process concerns. *Id.* at ¶ 8-9.

**{¶21}** The Ohio Supreme Court first rejected the owner's argument that the BOE failed to properly invoke the jurisdiction of the BOR where no statute required a proper address for the owner to be included in a complaint and no statute placed the burden of providing notice to the owner on the complainant. *Id.* at ¶ 10-14. However, the court went on to address the owner's argument, subsumed within the jurisdictional argument, that the BOR "could not hold the hearing and increase the value of the property without giving proper notice to the owner." *Id.* at ¶ 15. After finding that neither R.C. 5715.12 or 5715.19(C) specify what address "ought to be used," the court applied the constitutional due-process principles that an owner must be served at an address that is reasonably calculated to give the owner notice and held that use of the wrong address—where the correct address was shown in the record—did not meet this standard. *Id.* at ¶ 17-18. The court then looked to what effect the statutory violation had "on the validity of the BOR's decision and [the owner]'s eventual appeal." *Id.* at ¶ 19.

**{¶22}** The Court first equated the case before it to a previous case where the Court was "confronted [with] a situation in which the BOR notified the wrong entity, which was not the actual owner, of the filing of the complaint, the date of the hearing, and the decision of the board." *Knickerbocker*, 2008-Ohio-3192, at ¶ 20, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 2000-Ohio-452. In that case, the Court "stated that '"[i]t is axiomatic that for a court to acquire

jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.”’” *Id*., citing *Cincinnati School Dist*. at ¶ 14. Looking back to the case before it, the Court then said, “The present case likewise presents a failure of notice under R.C. 5715.12 and R.C. 5715.19(C). The BOR’s order increasing the value of the property was invalid.” *Id*.

**{¶23}** Looking next to the actions of the BTA, the Court said that the owner’s timely appeal provided the BTA with “jurisdiction to vacate the BOR’s order.” *Id*. at ¶ 22. The Court then said that the BTA should have vacated, not affirmed, the BOR’s order increasing the value of the property. *Id*. The Court said,

> The BTA primarily relied on its theory that the ability to present evidence and cross-examine witnesses before this board mitigated the due process concerns. That theory is mistaken for two reasons. First and foremost, the failure to notify [the owner] of the hearing rendered the BOR’s decision a nullity.
>
> Second, under the statutory scheme, the hearing at the BTA is not a full substitute for the opportunity to be heard at the BOR. That is so because, once the BOR adopted the increased property value, [the owner] as the appellant bore the burden of persuasion at the BTA. . . . Had [the owner] been afforded an opportunity to be heard before the BOR, that burden might never have shifted.
>
> We hold that the BTA had jurisdiction to vacate the BOR’s order and that it committed legal error when it failed to do so. We remand to the BTA with instructions that it vacate the BOR’s order and remand to the BOR. On remand, the BOR shall give proper notice and hold a new

hearing concerning the value of the property.

*Id*. at ¶ 22-24.

**{¶24}** Looking to *Knickerbocker*, the Ohio Supreme Court has since referred to notice of the hearing under R.C. 5715.19(C) as a "jurisdictional prerequisite" and referred to lack of notice of the hearing under R.C. 5715.19(C) as being a "jurisdictional defect." *See L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 2014-Ohio-2872, ¶ 32; *200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2012-Ohio-5691, ¶ 15.

**{¶25}** The auditor argues that the instant case is distinguishable from *Knickerbocker* where the complaints were filed by the owner who was aware of the hearings, there was ultimately no increase in valuation, and the BTA process provided a full substitute for the opportunity to be heard as the burden remained with the owner the whole time and did not shift.

**{¶26}** As to the distinctions that the complaints were filed by the owner, rather than another complainant, and the BOR's decision did not increase the values, the Ohio Supreme Court's decision in *Gaston*, 2012-Ohio-3872, suggests that these facts would not take the case outside of the realm of *Knickerbocker*.

**{¶27}** In *Gaston*, the owner filed the complaint against valuation and received notice of the BOR's decision that did not change the value, but he claimed that he never received the notice of the hearing before the BOR. *Id*. at ¶ 4-7. The owner appealed to the BTA and presented his testimony and certain exhibits, but the BTA excluded the testimony under R.C. 5715.19(G) on the basis that the owner failed to appear at the hearing before the BOR despite having been served with notice of the hearing. *Id*. at ¶ 7. On appeal, the Ohio Supreme Court described the owner's argument as "that R.C. 5715.19(G)'s prohibition should not be applied to him because he did not actually receive notice of the hearing and because there are defects in the record of the service

of the notice of the hearing." *Id*. at ¶ 11. The Court then said, "Before turning to the applicability of R.C. 5715.19(G)'s prohibition, we note that [the owner]'s contentions raise a threshold jurisdictional issue that we will address at the outset." *Id*. The Court then acknowledged its decision in *Knickerbocker* and said, "Similarly, a lack of required notification here could have deprived the BOR of jurisdiction to conduct the hearing and decide [the owner]'s complaint." *Id*. at ¶ 12. The Court continued, "Although he does not explicitly raise the jurisdictional issue, [the owner]'s argument clearly implicates the holding in *Knickerbocker*." *Id*. The Court ultimately held that service to the owner was proper. *Id*. at ¶ 12-21. Nevertheless, *Gaston* still suggests that *Knickerbocker* would be implicated even where the complaint is filed by the owner and the BOR does not issue a value increase.

{¶28} As to the argument that this case is distinguishable because the burden did not shift before the BTA, when the Ohio Supreme Court addressed the burden shifting in *Knickerbocker*, it was listing the reasons why the due-process concerns in that case were not fully mitigated by the hearing before the BTA. The burden-shifting analysis was the second, independent reason to reject this assertion from the BTA. The first independent reason was that the lack of notice of the hearing "rendered the BOR's decision a nullity." The BOR's decisions were similarly a nullity here.

{¶29} Because each of the BOR's decisions were a nullity, we sustain the first assignment of error and hold that the BTA committed legal error by not vacating the BOR's decisions and remanding the matter to the BOR for new hearings with proper notices issued to the owner under R.C. 5715.19(C).

### B. Second Assignment of Error

{¶30} In the second assignment of error, Gammarino—in essence—challenges Creech's testimony as unreliable. Our resolution of the first assignment of error

renders this assignment of error moot so we decline to address it. *See generally Cintrifuse Landlord, LLC v. Panino, LLC*, 2024-Ohio-5289, ¶ 35 (1st Dist.).

### *IV. Conclusion*

**{¶31}** For the foregoing reasons, we sustain the first assignment of error, decline to address the second assignment of error as moot, reverse the decision of the BTA, and remand the cause to the BTA to vacate the BOR's decisions and remand the cause to the BOR for new hearings with proper notices issued to the owner under R.C. 5715.19(C).

Decision reversed and cause remanded.

**CROUSE** and **BOCK, JJ.,** concur.